1  Gregory D. Brown, State Bar No. 65318
   gbrown@burnhambrown.com
2  Robert M. Bodzin, State Bar No. 201327
   rbodzin@burnhambrown.com
3  Melissa A. Horst, State Bar No. 253032
   mhorst@burnhambrown.com
4  BURNHAM BROWN
   A Professional Law Corporation
5  P.O. Box 119
   Oakland, California 94604
6
   1901 Harrison Street, 14th Floor
7  Oakland, California  94612
   Telephone:  (510) 444-6800
8  Facsimile:   (510) 835-6666

9  Attorneys for Defendants THETFORD
   CORPORATION, a Delaware Corporation;
10 NORCOLD, INC., a Delaware Corporation; and
   THE DYSON-KISSNER-MORAN
11 CORPORATION s/h/a DYSON-KISSNER-
   MORAN CORPORATION
12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 15  JEFFERY ETTER; SUSAN ETTER; PAUL KAHLER; FRAN CURTIS; and, MICHELLE CURTIS, individually, and on behalf of themselves and all others similarly situated, | No.  8:13-cv-00081 JST (RNBx) |
| Plaintiff, | **DEFENDANTS THETFORD CORPORATION, a Delaware Corporation; NORCOLD, INC., a Delaware Corporation; and THE DYSON-KISSNER-MORAN CORPORATION s/h/a DYSON-KISSNER-MORAN CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT (CLASS ACTION) (JURY TRIAL DEMANDED)** |
| v. | |
| THETFORD CORPORATION, a Delaware Corporation, NORCOLD, INC., a Delaware Corporation, DYSON-KISSNER-MORAN CORPORATION, a Delaware Corporation, and DOES 1 to 50, inclusive. | |
| Defendants. | Complaint Filed:  December 12, 2012 Removal Date:    January 16, 2013 |

       Defendants THETFORD CORPORATION, a Delaware Corporation;

NORCOLD, INC., a Delaware Corporation; and THE DYSON-KISSNER-

MORAN CORPORATION s/h/a DYSON-KISSNER-MORAN CORPORATION (hereinafter "Defendants"), hereby answers, objects, and otherwise responds to the First Amended Complaint (Class Action) on file in the above-captioned matter, and demands a jury trial, as follows:

## I. NATURE OF ACTION

1.     Defendants lack information or belief sufficient to enable them to answer Paragraph 1 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

2.     Defendants lack information or belief sufficient to enable them to answer Paragraph 2 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

3.     Defendants lack information or belief sufficient to enable them to answer Paragraph 3 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that since 1997, Norcold designed, manufactured, assembled, sold and placed into the stream of commerce, three (3) models of gas absorption refrigerators known as the N6 (with six cubic feet of space inside), N8 (with eight cubic feet of space inside) and the 1200 (with twelve cubic feet of space inside).  Defendants admit that Norcold keeps and maintains an incident log identifying all fires that occurred where a Norcold refrigerator was present.

4.     Defendants lack information or belief sufficient to enable them to answer Paragraph 4 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires.

5.     Defendants lack information or belief sufficient to enable them to answer Paragraph 5 of the Amended complaint, and based on this lack of

2

1  information and belief, deny the allegations contained therein.  Defendants do admit

2  Norcold initiated recalls of certain models of its gas absorption refrigerators with

3  the National Highway Traffic and Safety Administration (NHTSA) starting in the

4  year 2000.

5       6.    Defendants deny the allegations contained in Paragraph 6.

6       7.    Defendants deny the allegations contained in Paragraph 7.

7       8.    Defendants lack information or belief sufficient to enable them to

8  answer Paragraph 8 of the Amended complaint, and based on this lack of

9  information and belief, deny the allegations contained therein.

10  **II. JURISDICTION AND VENUE**

11       9.    Defendants lack information or belief sufficient to enable them to

12  answer Paragraph 9 of the Amended complaint, and based on this lack of

13  information and belief, deny the allegations contained therein.  Defendants

14  admit jurisdiction over Defendants and the Plaintiffs' class-claims is proper.

15       10.    Defendants admit the allegations contained in Paragraph 10.

16       11.    Defendants lack information or belief sufficient to enable them to

17  answer Paragraph 11 of the Amended complaint, and based on this lack of

18  information and belief, deny the allegations contained therein.  Defendants

19  admit this is the proper venue for Defendants and the Plaintiffs' class-claims.

20       12.    Defendants lack information or belief sufficient to enable them to

21  answer Paragraph 12 of the Amended complaint, and based on this lack of

22  information and belief, deny the allegations contained therein.

23  **III.   PARTIES**

24  **A.   Plaintiffs and Class Representatives**

25  **California Plaintiffs and Class/Sub-Class Representative**

26       13.    Defendants lack information or belief sufficient to enable them to

27  answer Paragraph 13 of the Amended complaint, and based on this lack of

28  information and belief, deny the allegations contained therein.  Defendants

admit that Plaintiff Paul Kahler owns a Norcold gas absorption refrigerator and that this unit was present during a fire which occurred on or about August 28, 2012.

14.   Defendants lack information or belief sufficient to enable them to answer Paragraph 14 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

15.   Defendants lack information or belief sufficient to enable them to answer Paragraph 15 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Florida Plaintiffs and Class/Sub-Class Representative**

16.   Defendants lack information or belief sufficient to enable them to answer Paragraph 16 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Plaintiffs Jeffrey and Susan Etter own a Norcold gas absorption refrigerator.

**Mississippi Plaintiffs and Class/Sub-Class Representative**

17.   Defendants lack information or belief sufficient to enable them to answer Paragraph 17 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**New York Plaintiff and Class/Sub-Class Representative**

18.   Defendants lack information or belief sufficient to enable them to answer Paragraph 18 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Pennsylvania Plaintiff and Class/Sub-Class Representative**

19.   Defendants lack information or belief sufficient to enable them to answer Paragraph 19 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Texas Plaintiff and Class/Sub-Class Representative**

20.   Defendants lack information or belief sufficient to enable them to

4

answer Paragraph 20 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Plaintiff Dennis Osha owns a Norcold gas absorption refrigerator.

**North Carolina Plaintiff and Class/Sub-Class Representative**

21.   Defendants lack information or belief sufficient to enable them to answer Paragraph 21 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein

**Maryland Plaintiff and Class/Sub-Class Representative**

22.   Defendants lack information or belief sufficient to enable them to answer Paragraph 22 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Plaintiff Raymond Rolle, Sr. owns a Norcold gas absorption refrigerator and that this unit was present during a fire which occurred on or about December 15, 2012.

**Tennessee Plaintiffs and Class/Sub-Class Representative**

23.   Defendants lack information or belief sufficient to enable them to answer Paragraph 23 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Oregon Plaintiff and Sub-Class/Class Representative**

24.   Defendants lack information or belief sufficient to enable them to answer Paragraph 24 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Washington Plaintiff and Sub-Class/Class Representative**

25.   Defendants lack information or belief sufficient to enable them to answer Paragraph 25 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

**Illinois Plaintiffs and Sub-Class/Class Representatives**

26.   Defendants lack information or belief sufficient to enable them to

1   answer Paragraph 26 of the Amended complaint, and based on this lack of

2   information and belief, deny the allegations contained therein.

3        **Arizona Plaintiffs and Sub-Class/Class Representatives**

4        27.    Defendants lack information or belief sufficient to enable them to

5   answer Paragraph 27 of the Amended complaint, and based on this lack of

6   information and belief, deny the allegations contained therein.

7        28.    Defendants lack information or belief sufficient to enable them to

8   answer Paragraph 28 of the Amended complaint, and based on this lack of

9   information and belief, deny the allegations contained therein.

10       29.    Defendants deny the allegations contained in Paragraph 29.

11  **B.    Defendants**

12       30.    Defendants deny the allegations contained in Paragraph 30.

13       31.    Defendants deny the allegations contained in Paragraph 31 except for

14  the facts that Thetford was organized under Delaware law and has its principle

15  place of business in Ann Arbor, MI as alleged.

16       32.    Defendants deny the allegations contained in Paragraph 32 except for

17  those relating to Plaintiffs' residences.

18       33.    Defendants deny the allegations contained in Paragraph 33.

19       34.    Defendants deny the allegations contained in Paragraph 34.

20       35.    Defendants deny the allegations contained in Paragraph 35.

21       36.    Defendants deny the allegations contained in Paragraph 36.

22       37.    Defendants deny the allegations contained in Paragraph 37.

23       38.    Defendants deny the allegations contained in Paragraph 38.

24       39.    Defendants deny the allegations contained in Paragraph 33.

25       40.    Defendants lack information or belief sufficient to enable them to

26  answer Paragraph 40 of the Amended complaint, and based on this lack of

27  information and belief, deny the allegations contained therein.

28  ///

6

41.   Defendants deny the allegations contained in Paragraph 41.

42.   Defendants deny the allegations contained in Paragraph 42.

## IV.   FACTUAL ALLEGATIONS

43.   Defendants lack information or belief sufficient to enable them to answer Paragraph 43 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.   Defendants admit that from 1997 to the present, Norcold designed, manufactured, assembled, sold and placed into the stream of commerce.

44.   Defendants lack information or belief sufficient to enable them to answer Paragraph 44 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.   Defendants admit that from 1997 to the present, Norcold designed, manufactured, assembled, sold and placed into the stream of commerce. Defendants admit that Norcold's gas absorption refrigerators came in various sizes as alleged, including six cubic feet (the "N6" Series), eight cubic feet (the "N8" Series), and twelve cubic feet (the "1200" Series).

45.   Defendants admit the allegations contained in Paragraph 45.

**A.   All of Defendants' Gas Absorption Refrigerators Contain Common Design and Manufacturing Defect.**

46.   Defendants lack information or belief sufficient to enable them to answer Paragraph 43 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.   Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires. Defendants do admit Norcold initiated recalls of certain models of its gas absorption refrigerators with the National Highway Traffic and Safety Administration (NHTSA) starting in the year 2000.

7

47    Defendants deny the allegations contained in Paragraph 47.

48.    Defendants deny the allegations contained in Paragraph 48.

**B.    Defendants' Continued to Produce, Market, and Sell Their Gas Absorption Refrigerators Despite Actual Knowledge of The Defects And Propensity To Cause Fires.**

49.    Defendants lack information or belief sufficient to enable them to answer Paragraph 49 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires. Defendants do admit Norcold initiated recalls of certain models of its gas absorption refrigerators with the National Highway Traffic and Safety Administration (NHTSA) starting in the year 2000.  Defendants admit that Norcold keeps and maintains an incident log identifying all fires that occurred where a Norcold refrigerator was present.

50.    Defendants deny the allegations contained in Paragraph 50.

51.    Defendants deny the allegations contained in Paragraph 51.

**C.    Defendants Have an Ongoing Duty to Disclose Material Facts About Dangerous Products that They Have Placed into the Stream of Commerce.**

52.    Defendants deny the allegations contained in Paragraph 52.

53.    Defendants deny the allegations contained in Paragraph 53.

**D.    Material Facts About the Ongoing Fire Danger Despite Any Recalls or Retrofits Are Concealed and Suppressed by Defendants.**

54.    Defendants lack information or belief sufficient to enable them to answer Paragraph 54 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires. Defendants do

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)

No. 8:13-cv-00081 JST (RNBx)

admit Norcold initiated recalls of certain models of its gas absorption refrigerators with the National Highway Traffic and Safety Administration (NHTSA) starting in the year 2000.  Defendants admit that Norcold keeps and maintains an incident log identifying all fires that occurred where a Norcold refrigerator was present.

55.   Defendants lack information or belief sufficient to enable them to answer Paragraph 55 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that the quoted terms appear on the cited website.

56.   Defendants deny the allegations contained in Paragraph 56.

57.   Defendants deny the allegations contained in Paragraph 57.

58.   Defendants deny the allegations contained in Paragraph 58.

**E.   Defendants' Recalls Cause Further Injury To Consumers By Destroying Their Refrigerators Before A Fire Is Ignited.**

59.   Defendants deny the allegations contained in Paragraph 59.

60.   Defendants lack information or belief sufficient to enable them to answer Paragraph 60 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Norcold rolled out the Thermal Safety Switch, which was a technical innovation designed to address the problem of low-cycle fatigue that occurred in some its gas absorption refrigerators.

61.   Defendants lack information or belief sufficient to enable them to answer Paragraph 61 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Norcold rolled out the High Temperature Sensor, which was a technical innovation designed to address the problem of low-cycle fatigue that occurred in some its gas absorption refrigerators.

62.   Defendants deny the allegations contained in Paragraph 62.

63.   Defendants deny the allegations contained in Paragraph 63.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

64.     Defendants lack information or belief sufficient to enable them to answer Paragraph 64 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires. Defendants do admit Norcold initiated recalls of certain models of its gas absorption refrigerators with the National Highway Traffic and Safety Administration (NHTSA) starting in the year 2000.

65.     Defendants deny the allegations contained in Paragraph 65.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Defendants deny the allegations contained in Paragraph 67.

68.     Defendants deny the allegations contained in Paragraph 68.

## V. ACCRUAL OF CLAIMS AND EQUITABLE TOLLING

69.     Defendants deny the allegations contained in Paragraph 69.

70.     Defendants lack information or belief sufficient to enable them to answer Paragraph 70 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that certain Norcold gas absorption refrigerators developed the problem of low-cycle fatigue which caused the boiler tubes present in the cooling units of those units to crack, which in some instances caused leaks and fires. Defendants do admit Norcold initiated recalls of certain models of its gas absorption refrigerators with the National Highway Traffic and Safety Administration (NHTSA) starting in the year 2000.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants deny the allegations contained in Paragraph 74.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

75.   Defendants deny the allegations contained in Paragraph 75.

76.   Defendants deny the allegations contained in Paragraph 76.

77.   Defendants deny the allegations contained in Paragraph 77.

## VI.   CLASS ACTION ALLEGATIONS

78.   Defendants deny the allegations contained in Paragraph 78.

79.   Defendants lack information or belief sufficient to enable them to answer Paragraph 79 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

80.   Defendants lack information or belief sufficient to enable them to answer Paragraph 80 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

81.   Defendants deny the allegations contained in Paragraph 81.

82.   Defendants deny the allegations contained in Paragraph 82.

83.   Defendants deny the allegations contained in Paragraph 83.

84.   Defendants deny the allegations contained in Paragraph 84.

85.   Defendants deny the allegations contained in Paragraph 85.

86.   Defendants deny the allegations contained in Paragraph 86.

87.   Defendants deny the allegations contained in Paragraph 87.

88.   Defendants deny the allegations contained in Paragraph 88.

89.   Defendants deny the allegations contained in Paragraph 89.

## VII.   INTENT

90.   Defendants deny the allegations contained in Paragraph 90.

## FIRST CAUSE OF ACTION

### Violations of Consumer Protection Statutes
**(On Behalf of California, Florida, North Carolina, New York, Maryland, Texas, Pennsylvania, Oregon, Washington, Arizona, and Illinois State Sub-Classes)**

91.   Defendants lack information or belief sufficient to enable them to answer Paragraph 91 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

11

92. Defendants lack information or belief sufficient to enable them to answer Paragraph 92 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit the named plaintiffs seek to represent themselves and other consumers from their respective states in the instant lawsuit which seeks permission to proceed as a class action.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants lack information or belief sufficient to enable them to answer Paragraph 94 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. As set forth above, Defendants are aware that some of the named plaintiffs are owners of Norcold gas absorption refrigerators.

95. Defendants lack information or belief sufficient to enable them to answer Paragraph 95 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants lack information or belief sufficient to enable them to answer Paragraph 97 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants deny the allegations contained in Paragraph 104.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants deny the allegations contained in Paragraph 108.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants deny the allegations contained in Paragraph 110.

111. Defendants deny the allegations contained in Paragraph 111.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny the allegations contained in Paragraph 114.

115. Defendants lack information or belief sufficient to enable them to answer Paragraph 115 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit they received a letter from certain Plaintiffs dated December 5, 2012 which asserted claims under the California Consumer Legal Remedies Act, which was responded to on January 9, 2013.

116. Defendants lack information or belief sufficient to enable them to answer Paragraph 116 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit they received a letter from certain Plaintiffs dated January 23, 2013 which asserted claims under the Texas Deceptive Trade Practices Act, which was responded to on March 8, 2013.

117. Defendants deny the allegations contained in Paragraph 117.

118. Defendants deny the allegations contained in Paragraph 118.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants deny the allegations contained in Paragraph 120.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants deny the allegations contained in Paragraph 124.

125. Defendants deny the allegations contained in Paragraph 125.

126. Defendants deny the allegations contained in Paragraph 126.

127. Defendants deny the allegations contained in Paragraph 127.

128. Defendants deny the allegations contained in Paragraph 128.

129. Defendants deny the allegations contained in Paragraph 129.

130. Defendants deny the allegations contained in Paragraph 130.

131. Defendants deny the allegations contained in Paragraph 131.

132. Defendants deny the allegations contained in Paragraph 132.

## SECOND CAUSE OF ACTION
### Breach of Express Warranty
### (On Behalf of All Plaintiffs and the Class/Sub-Classes)

133. Defendants lack information or belief sufficient to enable them to answer Paragraph 133 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

134. Defendants lack information or belief sufficient to enable them to answer Paragraph 134 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit the named plaintiffs seek to represent themselves and other consumers from their respective states in the instant lawsuit which seeks permission to proceed as a class action.

135. Defendants lack information or belief sufficient to enable them to answer Paragraph 135 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

136. Defendants lack information or belief sufficient to enable them to answer Paragraph 136 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit that Norcold provides written manuals and warranty materials for its gas absorption refrigerators.

137. Defendants lack information or belief sufficient to enable them to

1   answer Paragraph 137 of the Amended complaint, and based on this lack of

2   information and belief, deny the allegations contained therein.   Defendants

3   admit that Norcold provides written manuals and warranty materials for its gas

4   absorption refrigerators.

5       138.   Defendants lack information or belief sufficient to enable them to

6   answer Paragraph 138 of the Amended complaint, and based on this lack of

7   information and belief, deny the allegations contained therein.  Defendants admit

8   that Norcold knew its gas absorption refrigerators would be used by those

9   consumers who purchased the product.

10      139.   Defendants deny the allegations contained in Paragraph 139.

11      140.   Defendants deny the allegations contained in Paragraph 140.

12      141.   Defendants deny the allegations contained in Paragraph 141.

13      142.    Defendants deny the allegations contained in Paragraph 142.

14      143.   Defendants deny the allegations contained in Paragraph 143.

15      144.   Defendants deny the allegations contained in Paragraph 144.

16      145.   Defendants deny the allegations contained in Paragraph 145.

17      146.   Defendants deny the allegations contained in Paragraph 146.

18      147.   Defendants deny the allegations contained in Paragraph 147.

19      148.   Defendants deny the allegations contained in Paragraph 148.

20      149.   Defendants deny the allegations contained in Paragraph 149.

21      150.   Defendants deny the allegations contained in Paragraph 150.

22      151.   Defendants deny the allegations contained in Paragraph 151.

23      152.   Defendants deny the allegations contained in Paragraph 152.

24      153.   Defendants deny the allegations contained in Paragraph 153.

25      154.   Defendants deny the allegations contained in Paragraph 154.

26      155.   Defendants deny the allegations contained in Paragraph 155.

27      156.   Defendants deny the allegations contained in Paragraph 156.

28      157.   Defendants deny the allegations contained in Paragraph 157.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

158. Defendants deny the allegations contained in Paragraph 158.

159. Defendants deny the allegations contained in Paragraph 159.

160. Defendants deny the allegations contained in Paragraph 160.

161. Defendants deny the allegations contained in Paragraph 161.

## THIRD CAUSE OF ACTION

**Breach of Implied Warranty**
**(On Behalf of the California, Pennsylvania, Maryland, Texas,**
**Mississippi, Tennessee, and Washington State Sub-Classes)**

162. Defendants lack information or belief sufficient to enable them to answer Paragraph 162 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

163. Defendants lack information or belief sufficient to enable them to answer Paragraph 163 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit the named plaintiffs seek to represent themselves and other consumers from their respective states in the instant lawsuit which seeks permission to proceed as a class action.

164. Defendants lack information or belief sufficient to enable them to answer Paragraph 164 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit that since 1997, Norcold designed, manufactured, assembled, sold and placed into the stream of commerce, three (3) models of gas absorption refrigerators known as the N6 (with six cubic feet of space inside), N8 (with eight cubic feet of space inside and the 1200 (with twelve cubic feet of space inside). Defendants admit that Norcold keeps and maintains an incident log identifying all fires that occurred where a Norcold refrigerator was present.

165. Defendants lack information or belief sufficient to enable them to answer Paragraph 165 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                No. 8:13-cv-00081 JST (RNBx)

admit that since 1997, Norcold designed, manufactured, assembled, sold and placed into the stream of commerce, three (3) models of gas absorption refrigerators known as the N6 (with six cubic feet of space inside), N8 (with eight cubic feet of space inside and the 1200 (with twelve cubic feet of space inside).  Defendants admit that Norcold knew its gas absorption refrigerators would be used by those consumers who purchased the product.

166.  Defendants deny the allegations contained in Paragraph 166.

167.  Defendants deny the allegations contained in Paragraph 167.

168.  Defendants lack information or belief sufficient to enable them to answer Paragraph 168 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.  Defendants admit that Norcold knew its gas absorption refrigerators would be used by those consumers who purchased the product and that those owners expected their refrigerators to work safely and properly.

169.  Defendants deny the allegations contained in Paragraph 169.

170.  Defendants deny the allegations contained in Paragraph 170.

171.  Defendants deny the allegations contained in Paragraph 171.

172.  Defendants deny the allegations contained in Paragraph 172.

173.  Defendants deny the allegations contained in Paragraph 173.

174.  Defendants deny the allegations contained in Paragraph 174.

175.  Defendants deny the allegations contained in Paragraph 175.

176.  Defendants deny the allegations contained in Paragraph 176.

177.  Defendants deny the allegations contained in Paragraph 177.

178.  Defendants deny the allegations contained in Paragraph 178.

179.  Defendants deny the allegations contained in Paragraph 179.

180.  Defendants deny the allegations contained in Paragraph 180.

181.  Defendants deny the allegations contained in Paragraph 181.

182.  Defendants deny the allegations contained in Paragraph 182.

1    183.   Defendants deny the allegations contained in Paragraph 183.

2    184.   Defendants deny the allegations contained in Paragraph 184.

3    185    Defendants deny the allegations contained in Paragraph 185.

4                        **FOURTH CAUSE OF ACTION**

5              **Violation of Song-Beverly Consumer Warranty Act,**
             **California Civil Code §1790, *et seq.***
6    **(On Behalf of the California Plaintiffs and the California State Sub-Class)**

7    186.   Defendants lack information or belief sufficient to enable them to

8    answer Paragraph 186 of the Amended complaint, and based on this lack of

9    information and belief, deny the allegations contained therein.

10   187.   Defendants lack information or belief sufficient to enable them to

11   answer Paragraph 187 of the Amended complaint, and based on this lack of

12   information and belief, deny the allegations contained therein.  Defendants admit

13   named plaintiffs Paul Kahler and Jeffrey and Susan Curtis seek to represent

14   themselves and other California consumers in the instant lawsuit which seeks

15   permission to proceed as a class action.

16   188.   Defendants deny the allegations contained in Paragraph 188.

17   189.   Defendants lack information or belief sufficient to enable them to

18   answer Paragraph 189 of the Amended complaint, and based on this lack of

19   information and belief, deny the allegations contained therein.

20   190.   Defendants deny the allegations contained in Paragraph 190.

21   191.   Defendants lack information or belief sufficient to enable them to

22   answer Paragraph 191 of the Amended complaint, and based on this lack of

23   information and belief, deny the allegations contained therein.   Defendants

24   admit that Norcold provides written manuals and warranty materials for its gas

25   absorption refrigerators.

26   192.   Defendants lack information or belief sufficient to enable them to

27   answer Paragraph 192 of the Amended complaint, and based on this lack of

28   information and belief, deny the allegations contained therein.   As set forth

above, Defendants are aware that some of the named plaintiffs are owners of Norcold gas absorption refrigerators, who in some instances, sought out repairs and retrofits of their refrigerators.

193.   Defendants lack information or belief sufficient to enable them to answer Paragraph 193 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.   As set forth above, Defendants are aware that some of the named plaintiffs are owners of Norcold gas absorption refrigerators, who in some instances, sought out repairs and retrofits of their refrigerators.

194.   Defendants lack information or belief sufficient to enable them to answer Paragraph 194 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

195.   Defendants deny the allegations contained in Paragraph 195.

196.   Defendants deny the allegations contained in Paragraph 196

197.   Defendants deny the allegations contained in Paragraph 197.

198.   Defendants deny the allegations contained in Paragraph 198.

199.   Defendants deny the allegations contained in Paragraph 199.

200.   Defendants deny the allegations contained in Paragraph 200.

201.   Defendants deny the allegations contained in Paragraph 201.

202.   Defendants deny the allegations contained in Paragraph 202.

203.   Defendants deny the allegations contained in Paragraph 203.

204.   Defendants deny the allegations contained in Paragraph 204.

## FIFTH CAUSE OF ACTION

**Violation of California Unfair Competition Law,
California Business and Professions Code §17200 *et. seq.*
(On Behalf of the California Plaintiffs and the California State Sub-
Class)**

205.   Defendants lack information or belief sufficient to enable them to answer Paragraph 205 of the Amended complaint, and based on this lack of

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)

No. 8:13-cv-00081 JST (RNBx)

1    information and belief, deny the allegations contained therein.

2        206.   Defendants lack information or belief sufficient to enable them to

3    answer Paragraph 206 of the Amended complaint, and based on this lack of

4    information and belief, deny the allegations contained therein.  Defendants admit

5    named plaintiffs Paul Kahler , Jeffrey and Susan Curtis and Craig Post seek to

6    represent themselves and other California consumers in the instant lawsuit which

7    seeks permission to proceed as a class action.

8        207.   Defendants admit the allegations in Paragraph 207 of the

9    Amended complaint.

10       208.   Defendants admit the allegations in Paragraph 208 of the

11   Amended complaint.

12       209.   Defendants admit the allegations in Paragraph 209 of the

13   Amended complaint.

14       210.   Defendants lack information or belief sufficient to enable them to

15   answer Paragraph 210 of the Amended complaint, and based on this lack of

16   information and belief, deny the allegations contained therein.

17       211.   Defendants deny the allegations in Paragraph 211 of the Amended

18   complaint.

19       212.   Defendants admit the allegations in Paragraph 212 of the

20   Amended complaint.

21       213.   Defendants deny the allegations contained in Paragraph 213.

22       214.   Defendants deny the allegations contained in Paragraph 214.

23       215.   Defendants deny the allegations contained in Paragraph 215.

24       216.   Defendants deny the allegations contained in Paragraph 216.

25       217.   Defendants deny the allegations contained in Paragraph 217.

26       218.   Defendants deny the allegations contained in Paragraph 218.

27       219.   Defendants deny the allegations contained in Paragraph 219.

28       220.   Defendants deny the allegations contained in Paragraph 220.

221.  Defendants deny the allegations contained in Paragraph 221.

222.  Defendants deny the allegations contained in Paragraph 222.

223.  Defendants deny the allegations contained in Paragraph 223.

224.  Defendants deny the allegations contained in Paragraph 224.

225.  Defendants deny the allegations contained in Paragraph 225.

226.  Defendants deny the allegations contained in Paragraph 226.

227.  Defendants deny the allegations contained in Paragraph 227.

## SIXTH CAUSE OF ACTION

### Restitution//Assumpsit/Money Had and Received
### (On Behalf of All Plaintiffs and the Class/Sub-Classes)

228.  Defendants lack information or belief sufficient to enable them to answer Paragraph 228 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

229.  Defendants lack information or belief sufficient to enable them to answer Paragraph 229 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

230.  Defendants lack information or belief sufficient to enable them to answer Paragraph 230 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein. Defendants admit the named plaintiffs seek to represent themselves and other consumers from their respective states in the instant lawsuit which seeks permission to proceed as a class action.

231.  Defendants deny the allegations contained in Paragraph 231.

232.  Defendants deny the allegations contained in Paragraph 232.

233.  Defendants deny the allegations contained in Paragraph 233.

234.  Defendants deny the allegations contained in Paragraph 234.

235.  Defendants deny the allegations contained in Paragraph 235.

///

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)

No. 8:13-cv-00081 JST (RNBx)

## SEVENTH CAUSE OF ACTION

**Strict Products Liability**
**(on behalf of Plaintiffs KAHLER, ETTER, ROLLE, CRAWSHAW SOMERVILLE, SPEARS/KNIGHT and GREAGER Only Against All Defendants)**

236.   Defendants lack information or belief sufficient to enable them to answer Paragraph 236 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

237.   Defendants deny the allegations contained in Paragraph 237.

238.   Defendants deny the allegations contained in Paragraph 238.

239.   Defendants deny the allegations contained in Paragraph 239.

240.   Defendants deny the allegations contained in Paragraph 240.

241.   Defendants deny the allegations contained in Paragraph 241.

242.   Defendants deny the allegations contained in Paragraph 242.

243.   Defendants deny the allegations contained in Paragraph 243.

## EIGHTH CAUSE OF ACTION

**Negligence**
**(On Behalf of Plaintiffs KAHLER, ETTER, CRAWSHAW, ROLLE, SOMERVILLE, SPEARS/KNIGHT, and GREAGER Only Against All Defendants)**

244.   Defendants lack information or belief sufficient to enable them to answer Paragraph 244 of the Amended complaint, and based on this lack of information and belief, deny the allegations contained therein.

245.   Defendants deny the allegations contained in Paragraph 245.

246.   Defendants deny the allegations contained in Paragraph 246.

247.   Defendants deny the allegations contained in Paragraph 247.

248.   Defendants deny the allegations contained in Paragraph 248.

249.   Defendants deny the allegations contained in Paragraph 249

250.   Defendants deny the allegations contained in Paragraph 250.

251.   Defendants deny the allegations contained in Paragraph 251.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

# VIII.  AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.     As a first affirmative defense to each cause of action of the Complaint, the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.     As a second affirmative defense to each cause of action of the Complaint, the Complaint does not state facts sufficient to constitute a cause of action against Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Standing)

3.     As a third affirmative defense to each cause of action of the Complaint, the Complaint, and each cause of action therein, is barred because Plaintiffs lack standing to commence and prosecute this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

4.     As a fourth affirmative defense to each cause of action of the Complaint, Plaintiffs' complaint may be defective for failure to join indispensable parties.  There may be a non-joinder of one or more parties who are subject to service of process, whose joinder will not deprive this Court of jurisdiction of the subject matter of this action, and whose absence may result in incomplete relief or subject those who are already parties subject to a risk of incurring double, multiple, or otherwise inconsistent obligations and, for these reasons, the action should be abated and/or dismissed.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Plaintiffs)

5.     As a fifth affirmative defense to each cause of action of the Complaint, prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all duties and obligation they may have owed to Plaintiffs arising out of any and all agreements, representations or contracts made by it or on behalf of answering Defendant, and this action is therefore barred.

## SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Business Judgment)

6.     As a sixth affirmative defense to the fourth cause of action of the Complaint, the fourth cause of action is barred because Defendants, in and their dealings with Plaintiffs, exercised reasonable business judgment, which does not constitute an unfair and/or unlawful business practice.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Improper Conduct)

7.     As a seventh affirmative defense to the fourth cause of action of the Complaint, the fourth cause of action is barred because of Plaintiffs' improper conduct, and, therefore, the alleged challenged conduct by Defendants does not constitute an unfair and unlawful business practice.

## EIGHTH AFFIRMATIVE DEFENSE

### (Non-Deceptive Conduct)

8.     As an eighth affirmative defense to the first cause of action of the Complaint, the first cause of action is barred because the alleged challenged conduct by Defendants was not deceptive to Plaintiffs, was not relied upon by Plaintiffs, and did not cause Plaintiffs' harm.

///

///

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

## NINTH AFFIRMATIVE DEFENSE

### (No 30-Day Notice Letter)

9.   As a ninth affirmative defense to the first cause of action of the Complaint, the first cause of action is barred because Plaintiffs failed to allow Defendants to correct the alleged offending practices as required by California Civil Code Section 1782, etc.

## TENTH AFFIRMATIVE DEFENSE

### (Cure)

10.   As a tenth affirmative defense to each cause of action of the Complaint, Plaintiffs claims are barred because Defendants have made appropriate correction, repair, replacement or other remedy of the subject refrigerator products.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

11.   As an eleventh affirmative defense to each cause of action of the Complaint, the actions or conduct of third parties over which Defendants had no control, including without limitation learned intermediaries, or the actions or conduct of Plaintiffs, may be the sole, proximate, contributing, superseding and/or intervening cause of any alleged injuries or damages, and therefore, Plaintiffs' recovery, if any, should be barred, diminished, reduced and/or offset as a result thereof.

## TWELFTH AFFIRMATIVE DEFENSE

### (Alteration or Improper Use)

12.   As an twelfth affirmative defense to each cause of action of the Complaint, discovery may reveal that the refrigerators at issue may have been altered, misused, or used for reasons other than intended purposes and/or in an activity contrary to express adequate instructions of warnings.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Written Warnings)

13.     As a thirteenth affirmative defense to each cause of action of the Complaint, Defendants provided written warnings against the particular uses, misuses, or abuses by the Plaintiffs of the refrigerators that are the subject of the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Written Warranties)

14.     As a fourteenth affirmative defense to each cause of action of the Complaint, Defendants provided written warranty disclaimers and/or limitations concerning the refrigerators that are the subject of the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Give Timely Notice of Breach of Warranty)

15.     As a fifteenth affirmative defense to each cause of action of the Complaint, Plaintiffs' Complaint, and each cause of action thereof, fails to state a cause of action in that Plaintiffs failed to give timely and proper notice of breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk/Informed Consent)

16.     As a sixteenth affirmative defense to each cause of action of the Complaint, Plaintiffs are barred from recovery or any recovery should be diminished, reduced or offset, because Plaintiffs knowingly accepted or assumed the risks of possible adverse effects relating to the refrigerator(s) at issue, and in accordance with the principles of informed consent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Unity of Interest)

17.     As a seventeenth affirmative defense to each cause of action of the Complaint, each Defendant alleges that there is no unity of interest and ownership

26

between it and any other Defendant sufficient for Plaintiffs to recover against said Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Alter Ego Inapplicable)

18.   As an eighteenth affirmative defense to each cause of action of the Complaint, Defendants allege that Plaintiffs cannot establish that the application of the alter ego doctrine is necessary to prevent fraud or injustice.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

19.   As a nineteenth affirmative defense to each cause of action of the Complaint, the Complaint, and each cause of action therein, is barred by the doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

20.   As a twentieth affirmative defense to each cause of action of the Complaint, the Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Doctrines of Waiver and Estoppel)

21.   As a twenty-first affirmative defense to each cause of action of the Complaint, the Complaint, and each cause of action therein, is barred by the doctrines of waiver and/or estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

22.   As a twenty-second affirmative defense to each cause of the action of the Complaint, Plaintiffs failed to mitigate their damages.

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

23.    As a twenty-third affirmative defense to each cause of the action of the Complaint, Plaintiffs claims are barred in whole or in part by the doctrines of discharge, payment, release and/or accord and satisfaction.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

### (Attorney Fees Unavailable)

24.    As a twenty-fourth affirmative defense to each cause of action of the Complaint, Plaintiffs have failed to state a claim upon which attorney fees can be awarded.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional, Unstated Defenses)

25.    As a twenty-fifth affirmative defense to each cause of action of the Complaint, Defendant(s) presently has insufficient information or knowledge on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant(s) reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

26.    As a twenty-sixth affirmative defense to each cause of action of the complaint, the complaint is barred because Plaintiffs failed to exhaust all their administrative and/or contractual remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

27.    As a twenty-seventh affirmative defense to each cause of action of the complaint, Plaintiffs were partially, if not wholly, negligent or otherwise at fault on their own part and should be barred from any recovery or barred from recovery for that portion of the damages directly attributable to their proportionate share of the

28

negligence or fault, pursuant to the doctrine of comparative negligence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Negligence or Fault of Others)

28.   As a twenty-eighth affirmative defense to each cause of action of the complaint, the damages sustained by Plaintiffs, if any, were caused, in whole or in part, by the negligence or fault of others for which these Defendants are not liable or responsible.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Uniform Commercial Code)

29.   As a twenty-ninth affirmative defense to each cause of action of the complaint, this complaint is barred by the provisions of the Uniform Commercial Code as adopted by the state of Plaintiff's residence or proper venue.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Improper Use)

30.   As a thirtieth affirmative defense to each cause of action of the complaint, if Plaintiffs sustained injuries attributable to the use of any product manufactured by these Defendants, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Release)

31.   As a thirty-first affirmative defense to each cause of action of the complaint, Plaintiffs have released Defendants of all claims alleged in this action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Existence of a Legal Right)

32.   As a thirty-second affirmative defense to each cause of action of the complaint, at all times Defendants acted under legal right or in a good faith belief in the existence of a legal right.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

33.     As a thirty-third affirmative defense to each cause of action of the complaint, any and all conduct of which Plaintiffs complain was a just and proper exercise of management discretion undertaken for a fair and honest reason and regulated by good faith under the conditions then existing.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

34.     As a thirty-fourth affirmative defense to each cause of action of the complaint, the complaint is barred by the preemption of federal law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Prerequisites of F.R.C.P.)

35.     As a thirty-fifth affirmative defense to each cause of action of the Complaint, that the allegations of the complaint and each and every alleged class, subclass, and representative party fails to meet the prerequisites of FRCP Rule 23 for the maintenance of a class action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Excessive Damages)

36.     As a thirty-sixth affirmative defense to each cause of action of the Complaint, that the potentially annihilating damages alleged against the Defendants are against public policy and contrary to law and statutes regulating the maintenance of class actions.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Injury)

37.     As a thirty-seventh affirmative defense to each cause of action of the Complaint, the plaintiffs have sustained no actual damages or damages in fact.

///

///

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT (CLASS ACTION)                    No. 8:13-cv-00081 JST (RNBx)

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Economic Loss Doctrine)

38.     As a thirty- eighth affirmative defense to each cause of action of the Complaint, the plaintiffs who have sustained only economic losses are barred from any recovery for the alleged claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Untimely Notice)

39.     As a thirty-ninth affirmative defense to each cause of action of the Complaint, the plaintiffs failed to give timely notice to Defendants of their alleged claims or intent to bring suit and as such, these claims are precluded.

## FORTIETH AFFIRMATIVE DEFENSE
### (Statutory Damages)

40.     As a fortieth affirmative defense to each cause of action of the Complaint, the complaint fails to state facts sufficient to state any claim upon which an award of statutory damages can be made and as such, these claims are precluded.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Civil Penalties)

41.     As a forty-first affirmative defense to each cause of action of the Complaint, the complaint fails to state facts sufficient to state any claim upon which an award of civil penalties can be made and as such, these claims are precluded.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Injunctive Relief)

42.     As a forty-second affirmative defense to each cause of action of the Complaint, the complaint fails to state facts sufficient to state any claim upon which an award of injunctive relief can be made and as such, these claims are precluded.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Economic Damages)

43.     As a forty-third affirmative defense to each cause of action of the

1  Complaint, the complaint fails to state facts sufficient to state any claim upon which

2  an award of economic damages can be made and as such, these claims are

3  precluded.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Reliance)

6      44.     As a forty-fourth affirmative defense to each cause of action of the

7  Complaint, that plaintiffs did not rely on any of the alleged acts, omissions,

8  statements, representations, deceptions or misrepresentations of any Defendant and

9  as such, these claims are precluded.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

12      45.     As a forty-fifth affirmative defense to each cause of action of the

13  Complaint, did not rely to their detriment on any of the alleged acts, omissions,

14  statements, representations, deceptions or misrepresentations of any Defendant and

15  as such, these claims are precluded.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Intended Reliance)

18      46.     As a forty-sixth affirmative defense to each cause of action of the

19  Complaint, Defendants did not intend that plaintiffs rely on any of the alleged acts,

20  omissions, statements, representations, deceptions or misrepresentations of any

21  Defendant and as such, these claims are precluded.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

24      47.     As a forty-seventh affirmative defense to each cause of action of the

25  Complaint, the alleged acts, omissions, statements, representations, deceptions or

26  misrepresentations of any Defendant did not occur in the state of plaintiff's

27  residence or the jurisdiction of the state under which plaintiffs claim the right to

28  relief and as such, these claims are precluded.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Connection With Purchase)

48.    As a forty-eighth affirmative defense to each cause of action of the Complaint, the alleged acts, omissions, statements, representations, deceptions or misrepresentations of any Defendant were not made in connection with the purchase of the subject refrigerator(s) and as such, these claims are precluded.

## FORTY-NINTH AFFIRMATIVE DEFENSE
### (No Class Reliance)

49.    As a forty-ninth affirmative defense to each cause of action of the Complaint, uniform class-wide reliance does not exist and as such, these claims are precluded.

## FIFTIETH AFFIRMATIVE DEFENSE
### (No Private Right of Action)

50.    As a fiftieth affirmative defense to each cause of action of the Complaint, the plaintiffs and alleged representative parties lack standing to bring the alleged claims as private actions and as such, these claims are precluded.

## FIFTY-FIRST AFFIRMATIVE DEFENSE
### (No 60-Day Notice Letter)

51.    As a fifty-first affirmative defense to the first cause of action of the Complaint, the first cause of action is barred because Plaintiffs failed to allow Defendants to correct the alleged offending practices as required by the Texas Deceptive Trade Practices Act (TDTPA) including but not limited to Tex. Bus. & Com. Code Section 17.505, etc all.

## PRAYER

**WHEREFORE,** Defendants pray that:

1.    Plaintiffs take nothing by their Complaint;

2.    Defendants have judgment against Plaintiffs;

3.    Defendants be awarded for costs of suit;

33

1    4.    Attorney fees; and

2    5.    For such other and further relief as the Court may deem proper.

3

4    DATED: April 29, 2013                BURNHAM BROWN

5

6                                         GREGORY D. BROWN

7                                         Attorneys for Defendants THETFORD
                                          CORPORATION, a Delaware Corporation;
8                                         NORCOLD, INC., a Delaware Corporation;
                                          and THE DYSON-KISSNER-MORAN
9                                         CORPORATION s/h/a DYSON-KISSNER-
                                          MORAN CORPORATION

10   4845-5770-2931, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'                    No. 8:13-cv-00081 JST (RNBx)
FIRST AMENDED COMPLAINT (CLASS ACTION)

Jeffery Etter, et al. v. Thetford Corporation, et al.
United States District Court – Central District of California
Action No: SACV 13-00081 JST RNB

## CERTIFICATE OF SERVICE

I, Judith Ross, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is Burnham Brown, 1901 Harrison Street, 14th Floor, Oakland, California 94612, which is located in the city, county and state where the mailing described below took place.

On April 29, 2013, I served the following document(s), a copy of which is attached to this Certificate addressed as set forth in the following manner:

**DEFENDANTS THETFORD CORPORATION, a Delaware Corporation; NORCOLD, INC., a Delaware Corporation; and THE DYSON-KISSNER-MORAN CORPORATION s/h/a DYSON-KISSNER-MORAN CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT (CLASS ACTION)**

BY E-FILING (USDC CENTRAL DISTRICT): I caused such document to be sent electronically to the court; electronic filing constitutes service upon the parties who have consented to electronic service.

I declare under penalty of perjury, under the laws of the United States of America and State of California, that the foregoing is true and correct.

Executed on April 29, 2013.

Judith Ross

4833-4036-3282, v. 1

CERTIFICATE OF SERVICE                    No. SACV 13-00081 JST RNB